PROB 12C
(Rev.2011)

## United States District Court
## for
## Middle District of Tennessee

### Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 30]

Name of Offender: <u>Anthony Rucker</u>        Case Number: <u>3:09-00228-01</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Court Judge</u>

Date of Original Sentence: <u>May 10, 2012</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm</u>

Original Sentence: <u>Twenty-Two (22) months' custody; followed by 2 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>February 3, 2012</u>

Assistant U.S. Attorney: <u>Alex Little</u>        Defense Attorney: <u>Sumter L. Camp</u>

---

### PETITIONING THE COURT

___ To issue a Summons.    X   To Consider Additional Violations/Information
___ To issue a Warrant.        at Revocation Hearing ~~on October 19, 2012~~
                               10/19/12 @ 2:00 p.m.

---

### THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.                    10/19/12 @ 2:00 p.m.
☒ The Addition of Alleged Violations at Revocation Hearing ~~on October 19, 2012~~

I declare under penalty of
perjury that the foregoing
is true and correct.
Respectfully submitted,

Considered this <u>18th</u> day of
<u>Oct.</u>, 2012, and made a part of the
records in the above case.

/s/ Paul Montgomery

Sr. U.S. Probation Officer
Paul Montgomery

/s/ Aleta A. Trauger
U. S. District Court Judge
Aleta A. Trauger

Place   Nashville, TN

Date   October 17, 2012

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 30, has been amended as follows:

    Violation No. 1 - has been amended to include an addition positive urine drug screen.

    Violation No. 3 - has been amended to include failure to participate in drug testing and treatment.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.    **Shall not purchase, possess, use, distribute, or administer any controlled substance:**

    The defendant submitted urine drug screens on July 6, 2012, and July 30, 2012, which confirmed positive for cocaine.

    **The defendant submitted a urine drug screen on October 10, 2012, which confirmed positive for marijuana and cocaine. Mr. Rucker admitted to the probation officer he had used marijuana on October 9, 2012, and cocaine approximately five days earlier.**

2.    **Shall not associate with any persons engaged in criminal activity:**

    The defendant is believed to have violated this condition by being involved in the possession and use of illegal drugs. He admitted to the probation officer that on the above noted positive screens, he had either purchased the drugs or it was given to him by friends or family members.

3.    **Shall participate in a program of drug testing and treatment at the direction of the probation officer:**

    The defendant failed to report for random drug screens on the following dates:

| | | |
|---|---|---|
| February 22, 2012 | April 11, 2012 | August 24, 2012 |
| April 18, 2012 | May 15, 2012 | September 7, 2012 |
| June 22, 2012 | July 2, 2012 | September 13, 2012 |
| July 18, 2012 | August 9, 2012 | September 20, 2012 |
| **October 16, 2012** | | |

Mr. Rucker also failed to attend his outpatient substance abuse treatment on June 13, 2012; July 11, 2012; July 25, 2012; August 1, 2012; August 15, 2012; August 22, 2012; September 5, 2012; September 12, 2012; September 19, 2012, and **October 17, 2012.**

4. **The defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payment set for in the judgment:**

   The defendant has not yet paid his $100 Special Assessment. According to documents received from the Bureau of Prisons, the defendant, while incarcerated, had more than $200 in his account, but did not pay the special assessment.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Rucker began his term of supervised release on February 3, 2012. The defendant's conditions of supervised released were explained to him on February 7, 2012. He was provided with a copy of those conditions. The Court was previously informed of non-compliant conduct by the defendant via a Probation Form 12B, dated June 18, 2012. A modification of the defendant's conditions was requested and granted by the Court. Specifically, the defendant's conditions were modified to prohibit the consumption of alcohol. This condition was requested in part due to the defendant acknowledging that he had consumed alcohol prior to each episode of his drug use. This previously reported petition noted the defendant's submission of four positive urine drug screens for cocaine. Specifically on March 7, 2012; April 5, 2012; April 24, 2012; and, May 30, 2012.

The defendant was placed on an alcohol detection device on July 10, 2012. However, since his placement on the device, the defendant has submitted two additional positive drug screens. Mr. Rucker admitted to the probation officer he had used cocaine on those occasions. The defendant has submitted six (6) positive drug screens since beginning supervised release in February 2012, and, has failed to report on twelve (12) occasions. Mr. Rucker remains enrolled in outpatient substance abuse treatment at Centerstone. However, he has failed to attend his weekly sessions on numerous occasions.

The probation officer telephoned the defendant on August 8, 2012, and August 13, 2012, but was unable to speak with the defendant. Voice messages were left on his phone instructing him to contact this officer. The probation officer spoke with the defendant on August 22, 2012, and informed him he had failed to report for random drug screens, and had not attended his scheduled treatment at Centerstone. The defendant was instructed not to miss any additional drug screens or treatment classes a Centerstone.

The probation officer met with the defendant again on September 12, 2012, and discussed his noncompliant conduct. Mr. Rucker provided two documents to the probation officer which indicated he was seen at Skyline Medical Center, Nashville, Tennessee, on August 29, 2012; and, at Vanderbilt University Medical Center, Nashville, Tennessee, on September 1, 2012, for an inpatient medical procedure. He was discharged on the following day. Mr. Rucker stated he was unable to provide a urine drug screen when we met on September 12, 2012. He was given specific instructions to report back to the probation office the following day to provide a urine drug screen. Mr. Rucker failed to report for the urine drug screen on September 13, 2012, as well as on September 20, 2012. The defendant has not contacted the probation officer either in person nor telephonically.

Mr. Rucker has not submitted a random drug screen since July 30, 2012, which was positive for cocaine. He has been on supervised release since February 2012, but does not appear to take his conditions of supervision very serious. Although he has only been on supervision slightly more than 7 months, he has submitted six (6) positive drug screens, has failed to report for drug screens twelve (12) times, and has missed his drug treatment classes at Centerstone on nine (9)occasions.

The defendant has been informed that he must pay his special assessment immediately. The defendant agreed to pay $50 by July 1, 2012. To date, no payment has been received.

### Update of Offender Characteristics:

Mr. Rucker resides in Madison, Tennessee, with his mother.

### U.S. Probation Officer Recommendation:

Mr. Rucker has received the benefit of outpatient drug treatment, but to no avail. The probation officer believes the defendant has violated his supervised release conditions to a degree that warrants revocation.

It is respectfully requested that the additional violations be addressed at the revocation hearing.

This matter has been submitted to Assistant U. S. Attorney Alex Little, who concurs with the recommendation.

Approved: _____
Kenneth Parham
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ANTHONY RUCKER, CASE NO. 3:09-00228-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** *POST APRIL 30, 2003*   *PROTECT ACT PROVISIONS*

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony)<br>*18 U.S.C. § 3583(e)(3)* | 6 to 12 months | 9 months |
| SUPERVISED RELEASE: | 36 months | 36 months less any term of imprisonment<br>*18 U.S.C. 3583(h)* | 18 months |

Revocation is mandatory if the court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release, 18 U.S.C. § 3583(g)(3). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note: 5.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Respectfully Submitted,

*Paul Montgomery* (signature)
Paul Montgomery
Sr. U.S. Probation Officer

Approved: *Kenneth Parham* (signature)
Kenneth Parham
Supervisory U.S. Probation Officer