PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 61]

Name of Offender: <u>Anthony Rucker</u>  Case Number: <u>3:09-00228</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>May 10, 2010</u>

Date of Revocation Sentence: <u>February 12, 2013</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>24 months' custody and two years' supervised release</u>

Revocation Sentence: <u>Six months' custody and one year supervised release, with immediate placement in an inpatient drug treatment program, followed by 90 days in a halfway house</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Recommenced: <u>August 9, 2013</u>

Assistant U.S. Attorney: <u>Matthias Onderak</u>  Defense Attorney: <u>Sumter L. Camp</u>

---

**PETITIONING THE COURT**

__X__ To Consider Additional Violations/Information.
_____ To issue a Summons.
_____ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violations/Information. *at hearing that remains set on Jan. 10, 2014.*

Considered this 7th day of Nov., 2013,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place  Nashville, TN

Date  November 6, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 61, has been amended as follows:

<u>Violation No. 1</u> - has been amended to include an additional positive drug test on October 21, 2013.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **<u>The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.</u>** |

Since beginning his new term of supervised release, Mr. Rucker has tested positive and admitted using cocaine on five different occasions, each confirmed positive by the testing laboratory.

August 14, 2013        October 15, 2013
September 17, 2013     October 21, 2013
September 20, 2013

When questioned by the probation officer on September 17, 2013, Mr. Rucker reported "snorting" five lines of cocaine in his grandmother's home in Madison, Tennessee, with his cousin. Mr. Rucker reported he has made "poor choices" in his life, but does not want to return to prison.

After his positive drug test on September 20, 2013, Mr. Rucker denied further use of cocaine since just prior to his positive drug test on September 17, 2013. The probation officer requested a nanogram level report from Alere Toxicology Services on October 15, 2013, and it showed the nanogram level had decreased between the positive drug tests on September 17, 2013, and September 20, 2013, which indicates no additional use during that time.

On October 15, 2013, the day Mr. Rucker appeared on his summons, he tested positive for cocaine. He initially denied using cocaine, but after further questioning by the probation officer, Mr. Rucker admitted to "snorting" less than one line of cocaine on October 13, 2013, at a local bar, Gold Wings. When asked by the probation officer why he would "snort" cocaine two days prior to reporting on his summons, Mr. Rucker reported he made, "another stupid mistake."

On October 21, 2013, the day Mr. Rucker reported to the federal halfway house to begin his 90-day placement, he tested positive for cocaine. The urine sample was mailed to the lab for confirmation and, on November 4, 2013, the probation office received lab results which were positive for cocaine.

The probation officer met with Mr. Rucker on November 4, 2013. He reported "snorting" a line of cocaine on October 20, 2013, the day prior to his arrival at the federal halfway house. Again, Mr. Rucker was asked why he would "snort" cocaine one day prior to reporting to the federal halfway house. He reported he made "another stupid mistake" and it would not happen again.

**Compliance with Supervision Conditions and Prior Interventions:**
Anthony Rucker is unemployed and presently resides at Diersen Charities, the federal halfway house in Nashville. Mr. Rucker began his new term of supervised release on August 9, 2013, and his supervision is due to terminate on August 8, 2014.

A report was submitted to the Court on June 18, 2012, regarding Mr. Rucker's four positive drug tests for the use of cocaine and admission of alcohol being a "trigger" which caused him to use cocaine. The probation officer requested modification of his special conditions to include electronic monitoring to include an approved alcohol detection component, abstain from the use of alcohol for a period of four months and not enter or remain in any establishment where the primary business is the sale of consumption of alcohol. The Court ordered the addition of the above conditions on June 19, 2012.

A petition was submitted to the Court on September 2, 2012, regarding Mr. Rucker's failure to comply with drug testing as directed, testing positive for cocaine on two different occasions, associating with persons engaged in criminal activity, and failure to pay his special assessment. The Court ordered the issuance of summons on September 26, 2012, and Mr. Rucker was ordered to appear at the U.S. Marshal's Office on or before October 10, 2012. Mr. Rucker appeared on his summons on October 10, 2012, and was released to the same conditions of supervised release, pending his revocation hearing.

A superseding petition was submitted to the Court on October 17, 2012, regarding Mr. Rucker's additional violation behavior of testing positive for cocaine and marijuana, failure to comply with drug testing and participate in substance abuse treatment, and failure to pay his special assessment. On October 18, 2012, the Court ordered the additional violation behavior be considered at his revocation hearing on October 19, 2012. Mr. Rucker's revocation hearing was held on November 19, 2012, and continued to February 11, 2013, for further hearing.

A superseding petition was submitted to the Court on February 8, 2013, for Mr. Rucker's additional violation behavior of testing positive for cocaine on three separate occasions, failure to comply with drug testing as directed, and failure to follow the instructions of his probation officer. On February 11, 2013, Mr. Rucker pled guilty to all violations and his supervised release was revoked. He was ordered to serve six months' custody, followed by one year of supervised release. An additional special condition was added for immediate placement in an inpatient drug treatment program, upon release from Bureau of Prison's custody, to be followed by 90 days in a halfway house.

Mr. Rucker released from custody on August 9, 2013, and entered the 28-day inpatient substance abuse treatment program at Buffalo Valley in Hohenwald, Tennessee, on August 13, 2013. Due to his financial inability to pay for treatment services, the United States Probation Office paid $3,360.00 for Mr. Rucker to participate in this program.

A report was submitted to the Court on August 22, 2013, regarding Mr. Rucker's violation of testing positive for cocaine on August 13, 2013, at Buffalo Valley, the date of his admission to the program. Mr. Rucker admitted to using cocaine the morning prior to going to Buffalo Valley.

Mr. Rucker successfully completed the 28-day inpatient treatment program on September 10, 2013.

Following his positive drug tests for cocaine on September 17 and September 20, 2013, Mr. Rucker was referred back to Centerstone Mental Health in Madison, Tennessee, on September 26, 2013, for an updated substance abuse assessment and he currently participates in weekly outpatient treatment. It should be noted that Mr. Rucker participated in outpatient substance abuse treatment at Centerstone Mental Health, prior to his revocation, from March 2013 to February 2013.

**Update of Offender Characteristics:**
Mr. Rucker entered Diersen Charities Residential Re-Entry Center on October 21, 2013, for his Court ordered 90-day placement. His anticipated release date is January 18, 2014. Your Honor granted the motion, filed by Assistant Federal Public Defender Sumter Camp, on October 29, 2013, requesting to continue Mr. Rucker's revocation hearing set for October 30, 2013, for a period of time to allow Mr. Rucker an opportunity to see how he handles his aftercare participation. His revocation hearing was rescheduled for January 10, 2014.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that Your Honor set a revocation hearing date sooner than January 10, 2014, given that Mr. Rucker continues to use cocaine, despite every opportunity that has been afforded to him. This new violation has been discussed with Assistant U.S. Attorney Matthias Onderak, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ANTHONY RUCKER, CASE NO. 3:09-00228

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 6-12 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

18 U.S.C. § 3583(g)(4) allows for mandatory revocation if the defendant, as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Amanda M. Russell
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Anthony Donnell Rucker

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00228 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 5 / 10 / 2010
                                      month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     IV

10. **Range of Imprisonment** *(see §7B1.4(a))*     6 - 12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Anthony Donnell Rucker

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____      Community Confinement _____

    Fine($) _____      Home Detention _____

    Other    $100- special assessment      Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01