PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 74]

Name of Offender: Anthony Rucker     Case Number: 3:09-00228

Name of Sentencing Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: May 10, 2010

Date of Revocation Sentence: February 12, 2013

Original Offense: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

Original Sentence: 24 months' custody and two years' supervised release

Revocation Sentence: Six months' custody and one year supervised release, with immediate placement in an inpatient drug treatment program, followed by 90 days in a halfway house

Type of Supervision: Supervised release     Date Supervision Recommenced: August 9, 2013

Assistant U.S. Attorney: Matthias Onderak     Defense Attorney: Sumter L. Camp

---

## PETITIONING THE COURT

    X    To Consider Additional Violations/Information.
    ___    To issue a Summons.
    ___    To issue a Warrant.

---

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violations/Information. *at hearing on 6/12/14 at 2:00pm*

Considered this 11th day of June, 2014,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct.
Respectfully submitted,

_____
Amanda Michele
U.S. Probation Officer

Place    Nashville, TN

Date    June 10, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 74, has been amended as follows:

Violation No. 2 - has been updated to reflect Mr. Rucker's additional failure(s) to report for random drug testing.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.  **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

    Since beginning his new term of supervised release, Mr. Rucker has tested positive and admitted using cocaine on seven different occasions, each confirmed positive by the testing laboratory.

    August 14, 2013          October 21, 2013
    September 17, 2013       March 5, 2014
    September 20, 2013       April 14, 2014
    October 15, 2013

    When questioned by the probation officer on September 17, 2013, Mr. Rucker reported "snorting" five lines of cocaine in his grandmother's home in Madison, Tennessee, with his cousin. Mr. Rucker reported he has made "poor choices" in his life, but does not want to return to prison.

    After his positive drug test on September 20, 2013, Mr. Rucker denied further use of cocaine since just prior to his positive drug test on September 17, 2013. The probation officer requested a nanogram level report from Alere Toxicology Services on October 15, 2013, and it showed the nanogram level had decreased between the positive drug tests on September 17, 2013, and September 20, 2013, which indicates no additional use during that time.

    On October 15, 2013, the day Mr. Rucker appeared on his summons, he tested positive for cocaine. He initially denied using cocaine, but after further questioning by the probation officer, Mr. Rucker admitted to "snorting" less than one line of cocaine on October 13, 2013, at a local bar, Gold Wings. When asked by the probation officer why he would "snort" cocaine two days prior to reporting on his summons, Mr. Rucker reported he made, "another stupid mistake."

    On October 21, 2013, the day Mr. Rucker reported to the federal halfway house to begin his 90-day placement, he tested positive for cocaine. The urine sample was mailed to the lab for confirmation and, on November 4, 2013, the probation office received lab results which were positive for cocaine.

    The probation officer met with Mr. Rucker on November 4, 2013. He reported "snorting" a line of cocaine on October 20, 2013, the day prior to his arrival at the federal halfway house. Again, Mr. Rucker was asked why he would "snort" cocaine one day prior to reporting to the federal halfway house. He reported he made "another stupid mistake" and it would not happen again.

On March 5, 2014, Mr. Rucker reported to the office for a random drug test. During the drug test, Mr. Rucker was observed by U.S. Probation Officer Joshua Smith, fraudulently providing urine from a white bottle. The urine sample did not have a temperature reading, indicating it was not a valid sample. Mr. Rucker was asked about his behavior and he denied having a bottle to provide a fraudulent urine sample. Mr. Rucker was instructed to lift his shirt and lower his pants to provide a better view of his activites, at which time he hid the bottle in his pants leg, continuing to deny its existence. Supervisory U.S. Probation Britton Shelton was called to the drug testing room to assist in the situation. Upon further questioning, Mr. Rucker admitted cocaine use of three to four days prior. He was instructed to provide a valid sample. Mr. Rucker then complied with the test and his urine sample tested positive for cocaine.

On April 14, 2014, Mr. Rucker appeared in Your Honor's Court for a revocation hearing. Prior to the hearing, the probation officer inquired if Mr. Rucker would test positive that day for illegal drugs. He denied using any illegal drugs and reported he would test negative. A drug test was conducted and Mr. Rucker tested positive for cocaine. He adamantly denied using cocaine and requested it be sent to the testing laboratory. After returning to Your Honor's Court, the probation officer informed the Court of Mr. Rucker's positive drug test.

His urine sample was mailed to the testing laboratory and the positive result was confirmed on April 19, 2014.

2. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days at a residential reentry center at the direction of the U.S. Probation Officer. The defendant shall pay all or part of the costs for substance abuse treatment if the Probation Officer determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

Mr. Rucker has failed to appear for drug testing, as directed, on nine different occasions:

> February 24, 2014   April 9, 2014
> March 26, 2014      May 16, 2014
> March 31, 2014      June 6, 2014
> April 2, 2014       June 9, 2014
> April 7, 2014

Following his missed drug test on February 24, 2014, the probation officer made several attempts to contact Mr. Rucker by telephone. When he did not return her call, the probation officer met with Mr. Rucker at his residence on March 1, 2014. He reported he did not know he missed a drug test. When questioned regarding any recent illegal drug use, Mr. Rucker denied using any illegal drugs.

On March 27, 2014, the probation officer contacted Mr. Rucker by telephone to inquire as to why he missed his random drug test the previous day. Mr. Rucker reported he did not have a ride. The probation officer instructed Mr. Rucker to report to the Nashville office that day, March 27, 2014, for a drug test. He was verbally reprimanded and instructed to begin reporting for drug tests every Monday, Wednesday, and Friday.

On April 2, 2014, Mr. Rucker contacted the probation office and spoke with Supervisory U.S. Probation Officer Britton Shelton. Mr. Rucker did not offer an explanation as to why he did not report for his drug test on March 31, 2014, but wanted Mr. Shelton to know that he was stressed with dealing with his family, employment, and substance abuse treatment. Mr. Rucker was encouraged to report to the probation office on April 2, 2014, as instructed by his probation officer, and provide a negative urine sample.

On April 3, 2014, the probation officer was informed that Mr. Rucker failed to appear for his drug test on April 2, 2014, as instructed.

On April 9, 2014, Mr. Rucker contacted the probation officer to request he be placed on house arrest and to come off supervision. The probation officer inquired why he did not show for his drug test on April 7, 2014, and he could provide no explanation as to why he did not report. The probation officer reminded him that he was required to report that day as well, April 9, 2014, and she would meet with him when he came in. The probation officer was informed on April 10, 2014, that Mr. Rucker failed to appear for his drug test on April 9, 2014.

On Monday, May 19, 2014, Mr. Rucker reported to the probation office for a drug test. The probation officer inquired as why he did not report for his drug test on Friday, May 16, 2014. Mr. Rucker reported he was off work that day and at home, but forget to report in. He further stated he called the probation officer at lunchtime, that same day, to notify her. The probation officer advised she did not receive a phone message from him, but even if she had, Mr. Rucker was not permitted to miss any drug tests, unless a valid reason/medical issue had arisen.

The probation officer has attempted to contact Mr. Rucker on multiple occasions to inquire about his failure to report for drug testing on June 6 and June 9, 2014. All attempts have been unsuccessful.

**3.** **The defendant shall pay a $100.00 special assessment.**

According to the U.S. District Court Clerk's office, Mr. Rucker has not paid his $100 special assessment, as originally ordered by the Court on May 10, 2010.

**4.** **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer.**

On May 30, 2014, during a monthly treatment meeting at Centerstone Mental Health, the probation officer was informed by Mr. Rucker's therapist that he failed to attend outpatient substance abuse treatment on May 28, 2014. Mr. Rucker has failed to notify the probation of his missed therapy appointment or provide an explanation to his therapist as to why he was unable to attend.

**Compliance with Supervision Conditions and Prior Interventions:**
Anthony Rucker is employed and lives with his mother, in Madison, Tennessee. Mr. Rucker began his new term of supervised release on August 9, 2013, and his supervision is due to terminate on August 8, 2014.

A report was submitted to the Court on June 18, 2012, regarding Mr. Rucker's four positive drug tests for the use of cocaine and admission of alcohol being a "trigger" which caused him to use cocaine. The probation officer requested modification of his special conditions to include electronic monitoring to include an approved alcohol detection component, abstain from the use of alcohol for a period of four months and not enter or remain in any establishment where the primary business is the sale of consumption of alcohol. The Court ordered the addition of the above conditions on June 19, 2012.

A petition was submitted to the Court on September 2, 2012, regarding Mr. Rucker's failure to comply with drug testing as directed, testing positive for cocaine on two different occasions, associating with persons engaged in criminal activity, and failure to pay his special assessment. The Court ordered the issuance of

summons on September 26, 2012, and Mr. Rucker was ordered to appear at the U.S. Marshal's Office on or before October 10, 2012. Mr. Rucker appeared on his summons on October 10, 2012, and was released to the same conditions of supervised release, pending his revocation hearing.

A superseding petition was submitted to the Court on October 17, 2012, regarding Mr. Rucker's additional violation behavior of testing positive for cocaine and marijuana, failure to comply with drug testing and participate in substance abuse treatment, and failure to pay his special assessment. On October 18, 2012, the Court ordered the additional violation behavior be considered at his revocation hearing on October 19, 2012. Mr. Rucker's revocation hearing was held on November 19, 2012, and continued to February 11, 2013, for further hearing.

A superseding petition was submitted to the Court on February 8, 2013, for Mr. Rucker's additional violation behavior of testing positive for cocaine on three separate occasions, failure to comply with drug testing as directed, and failure to follow the instructions of his probation officer. On February 11, 2013, Mr. Rucker pled guilty to all violations and his supervised release was revoked. He was ordered to serve six months' custody, followed by one year of supervised release. An additional special condition was added for immediate placement in an inpatient drug treatment program, upon release from Bureau of Prison's custody, to be followed by 90 days in a halfway house.

Mr. Rucker released from custody on August 9, 2013, and entered the 28-day inpatient substance abuse treatment program at Buffalo Valley in Hohenwald, Tennessee, on August 13, 2013. Due to his financial inability to pay for treatment services, the United States Probation Office paid $3,360.00 for Mr. Rucker to participate in this program.

A report was submitted to the Court on August 22, 2013, regarding Mr. Rucker's violation of testing positive for cocaine on August 13, 2013, at Buffalo Valley, the date of his admission to the program. Mr. Rucker admitted to using cocaine the morning prior to going to Buffalo Valley.

Mr. Rucker successfully completed the 28-day inpatient treatment program on September 10, 2013.

A petition was submitted to the Court on September 30, 2013, regarding Mr. Rucker's violations of testing positive for cocaine on three different occasions, August 14, September 17, and September 20, 2013. The Court ordered the issuance of summons on September 30, 2013, and Mr. Rucker was ordered to appear at the U.S. Marshal's Office on or before October 15, 2013. Mr. Rucker appeared on his summons on October 15, 2013, and was released to the same conditions of supervised release, pending his revocation hearing.

Following his positive drug tests for cocaine on September 17 and September 20, 2013, Mr. Rucker was referred back to Centerstone Mental Health in Madison, Tennessee, on September 26, 2013, for an updated substance abuse assessment and he currently participates, infrequently, in weekly outpatient treatment. It should be noted that Mr. Rucker participated in outpatient substance abuse treatment at Centerstone Mental Health, prior to his revocation, from March 2013 to February 2013.

A superseding petition was submitted to the Court on October 25, 2013, regarding Mr. Rucker's additional violation of testing positive for cocaine on October 15, 2013, the day he reported on his summons. On October 25, 2013, the Court ordered the additional violation behavior be considered at his revocation hearing on October 30, 2013.

Mr. Rucker entered Diersen Charities Residential Re-Entry Center on October 21, 2013, for his Court ordered 90-day placement.

On October 29, 2013, Your Honor granted the motion, filed by Assistant Federal Public Defender Sumter Camp, requesting to continue Mr. Rucker's revocation hearing set for October 30, 2013, for a period of time

to allow Mr. Rucker an opportunity to see how he handled his treatment aftercare. His revocation hearing was rescheduled for January 10, 2014.

A superseding petition was submitted to the Court on November 6, 2013, regarding Mr. Rucker's violation of testing positive for cocaine on October 21, 2013, the day he entered Diersen Charities Residential Re-Entry Center.

Mr. Rucker was released from Diersen Charities Residential Re-Entry Center on January 17, 2014. During his residency at the Diersen RRC, Mr. Rucker tested positive for cocaine on one occasion, October 21, 2013, the day he entered the facility.

On January 10, 2014, Mr. Rucker appeared before Your Honor for a revocation hearing. His hearing was continued for a period of 90 days to see if Mr. Rucker could stay drug free, since completing his time at the Diersen RRC. His revocation hearing was rescheduled for April 14, 2014.

On April 14, 2014, Mr. Rucker appeared before Your Honor for a revocation hearing. He was positive for cocaine that date and requested time to make arrangements for his infant child, should he be ordered to be period of incarceration. His revocation hearing was continued to April 29, 2014.

On April 29, 2014, Mr. Rucker, again, appeared before Your Honor for a revocation hearing. Based on his negative drug test results since his last hearing on April 14, 2014, his participation in substance abuse treatment, and his full-time employment, Your Honor set a status hearing for June 12, 2014. Mr. Rucker was ordered to continue to report to the probation office for drug testing every Monday and Friday.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that these additional violations be considered at the revocation hearing to be held before Your Honor on June 12, 2014. These new violations have been discussed with Assistant U.S. Attorney Matthias Onderak, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. ANTHONY RUCKER, CASE NO. 3:09-00228

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 6-12 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(1) | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

18 U.S.C. § 3583(g)(4) If the defendant, as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

_____
Amanda Michele
U.S. Probation Officer


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Anthony Donnell Rucker

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00228 - 1

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date** 5 / 10 / 2010
                                       month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. | C |
| Shall participate in a program of drug testing and substance abuse treatment. | C |
| Shall pay a $100.00 special assessment. | C |
| Shall participate in a program of drug testing and substance abuse treatment. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    IV

10. **Range of Imprisonment** *(see §7B1.4(a))*    6 - 12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

[x] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Defendant** Anthony Donnell Rucker

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____        Community Confinement _____

    Fine($)      _____          Home Detention         _____

    Other     $100.00 special assessment     Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002